IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CLAUDETTE E. BULLEN and <br> EDWARD G. BULLEN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 4:14-CV-0344-DGK |
| WELLS FARGO BANK, N.A. | ) <br> ) | |
| Defendant. | ) | |

## ORDER PARTIALLY GRANTING MOTION TO DISMISS

This dispute arises from the foreclosure sale of Plaintiffs' residence. Plaintiffs Claudette and Edward Bullen ("the Bullens") allege that Defendant Wells Fargo Bank, N.A. ("Wells Fargo") failed to follow various state and federal laws as well Housing and Urban Development ("HUD") regulations for servicing and foreclosing on the Bullens' mortgage. The Bullens have sued Wells Fargo for wrongful foreclosure (Counts I and II), breach of the duty of good faith and fair dealing (Count III), violation of the Missouri Merchandising Practices Act (Count IV), breach of contract (Count V), negligence (Count VI), and quiet title (Count VII).

Now before the Court is Wells Fargo's Motion to Dismiss Counts II and VI with prejudice (Doc. 27). The Court holds the Bullens have failed to allege facts or legal theories which support his request for relief on these counts, but Wells Fargo has not demonstrated why dismissal should be with prejudice. Accordingly, the motion is GRANTED IN PART. Counts II and VI are dismissed without prejudice.

**Standard of Review**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts

to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Factual Background

For purposes of resolving the pending motion, the relevant allegations in the Amended Complaint are as follows.

The Bullens owned their home and residence at 9803 N. Lydia Avenue in Kansas City, Missouri, for twenty-four years. At some point, it is unclear when, the Bullens obtained a mortgage loan from Wells Fargo and executed a deed of trust on the property. HUD insured the Bullens' loan.

In early 2013, the Bullens fell behind on their loan payments after Mr. Bullen became physically disabled and lost his job. After briefly becoming current on those payments in May of 2013, the Bullens again "fell behind on their mortgage payments." (Am. Compl. at ¶ 22.) Wells Fargo subsequently foreclosed on the property without complying with certain HUD regulations. On November 22, 2013, Wells Fargo bought the property at the foreclosure sale.

**Discussion**

Wells Fargo moves to dismiss Counts II ("Wrongful Foreclosure – Claim for Damages") and Count VI (Negligence) of the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted.

**I.     The Amended Complaint fails to state a tort claim for wrongful foreclosure.**

Count II alleges the tort of wrongful foreclosure. A plaintiff bringing a tort claim for wrongful foreclosure under Missouri law must plead three elements: (1) the commencement of a foreclosure by sale (as distinguished from judicial action) of a deed of trust; (2) at the time the foreclosure proceeding was begun, there was no default on the defendant's part that would give rise to a right to foreclose; and (3) so that the foreclosure is void. *See Wivell v. Wells Fargo Bank, N.A.*, 756 F.3d 609, 617 (8th Cir. 2014) (reh'g granted on other grounds) (holding that to survive a 12(b)(6) motion to dismiss, the plaintiff must plead that when the foreclosure proceeding began, there was no default on his or her part that would give rise to a right to foreclose); *Dobson v. Mortg. Elec. Registration Sys, Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008).

Here, nothing in the Amended Complaint alleges that Plaintiffs were not in default at the time of foreclosure. On the contrary, the Amended Complaint practically concedes that Plaintiffs were in default, acknowledging that in May of 2013, they again "fell behind on their mortgage payments." (Am. Compl. at ¶ 22.) Accordingly, the Court holds Plaintiffs have failed to plead that they were not in default at the time of foreclosure. Count II is dismissed.

**II.    The Amended Complaint fails to state a claim for negligence.**

Next, Plaintiffs' claim for negligence, Count VI, fails as a matter of law. "'[T]he first essential element of a claim of negligence' is 'the existence of a duty.'" *Wivell*, 756 F.3d at 620.

3

"Under Missouri law, however, the contractual relationship between a lender and borrower alone does not establish a tort duty on the part of the lender." *Id.* Despite Plaintiffs' conclusory allegation that Wells Fargo "owed a duty to exercise reasonable care in the processing and servicing of the Loan, and in reviewing, communicating, and explaining Plaintiffs' right to loss mitigation options and other relief," (Am. Compl. at ¶ 66), they fail to cite any caselaw or other legal authority supporting this position. Count VI is dismissed for failure to state a claim upon which relief can be granted.

### III. Counts II and VI are dismissed without prejudice.

Dismissal under Rule 12(b)(6) is typically without prejudice, unless the moving party demonstrates that dismissal should be with prejudice. *Milliman v. Cnty. of Stearns*, No. 13-136DWF/LIB, 2013 WL 5426049, at *15 (D. Minn. Sept. 26, 2013) (observing Eighth Circuit decisions generally favor dismissal without prejudice under Rule 12(b)(6)). Here, Wells Fargo seeks dismissal with prejudice, but it has supplied no rationale or citation to relevant caselaw explaining why dismissal with prejudice is appropriate here. Accordingly, this portion of the motion is denied.

### Conclusion

The motion is GRANTED IN PART. Counts II and VI are dismissed without prejudice.

**IT IS SO ORDERED.**

Date:   January 2, 2015                        /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT